IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2010

## BRANDON FORBES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 8537    Joseph H. Walker, III Judge**

_____

**No. W2009-02007-CCA-R3-PC  -  Filed July 21, 2010**

_____

The Petitioner, Brandon Forbes, pled guilty in the Lauderdale County Circuit Court to one count of aggravated burglary and one count of theft of property valued at over $1,000 with an agreed total effective sentence of six years as a Range I, standard offender, leaving the manner of service to the discretion of the trial court.  Following the denial of alternative sentencing, the Petitioner filed a timely petition for post-conviction relief alleging that his guilty pleas were involuntary due to the ineffective assistance of counsel.  After the appointment of counsel and an evidentiary hearing, the post-conviction court denied relief.  In this appeal as of right, the Petitioner contends that the post-conviction court erred by denying relief.  Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Scott A. Lovelace, Ripley, Tennessee, attorney for appellant, Brandon Forbes.

Robert E. Cooper, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; D. Michael Dunavant, District Attorney General; and Julie K. Pillow, Assistant District Attorney General, attorneys for the appellee, State of Tennessee.

### OPINION

The guilty plea submission hearing of April 2, 2009, reflects that the Petitioner and a codefendant, Sterling Hampton, were arrested for the January 22, 2009 burglary of the residence of Mike Douglas when officers from the Ripley Police Department saw Mr. Hampton carrying a plasma television from the residence and attempting to load it into the

vehicle driven by the Petitioner. In statements to the police, the Petitioner initially denied any knowledge that Mr. Hampton intended to steal the television, but he later admitted that Mr. Sterling asked him "to watch out [for the police] while he got the TV." Still, the Petitioner claimed that he had "something against stealing."

In exchange for the plea, the State agreed not to seek range classification enhancement against the Petitioner, who the State contended qualified as a Range III, persistent offender. The Petitioner pled guilty with agreed Range II, multiple offender sentences of six years for the aggravated burglary count to be served concurrently with four years for the theft of property valued at over $1,000 count. Pursuant to the agreement, the parties deferred to the trial court's discretion concerning manner of service of the sentence and restitution. The guilty plea submission hearing reflects that the Petitioner made a knowing and voluntary plea. The Petitioner also indicated that he was satisfied with the representation provided by his attorney.

Although a transcript of the alternative sentencing hearing was not included as an exhibit at the post-conviction evidentiary hearing or as part of the record on appeal, the technical record reflects that on April 17, 2009, the trial court denied alternative sentencing based upon the Petitioner's history of criminal convictions and previous noncompliance with probation or parole. The trial court ordered the Petitioner's sentences to be served in confinement with the Department of Correction and ordered restitution of $1,000.

On May 13, 2009, the Petitioner filed a petition for post-conviction relief alleging that his guilty pleas were the result of the ineffective assistance of counsel. He specifically asserted that his attorney told him that if he pled guilty he would receive probation. The Petitioner also claimed that a conflict of interest existed by the assistant district attorney general's undisclosed friendship with the victim. Following the appointment of counsel, additional allegations of ineffective assistance concerning the quality of trial counsel's explanation of the terms of the guilty plea were made as amendments to the petition, as well as an allegation that the trial court's sentencing decision violated Blakely v. Washington, 542 U.S 296 (2005).

At the September 1, 2009 evidentiary hearing, trial counsel testified that the Petitioner was fully advised by counsel as well as the trial court concerning the terms of the plea agreement. Trial counsel testified that the State agreed not to oppose the trial court's consideration of alternative sentencing but that the grant of alternative sentencing was not a term of the plea agreement. Trial counsel recalled that the Petitioner was able to avoid a more serious range classification by pleading guilty. Likewise, the Petitioner also received the minimum sentences as a Range II offender. Trial counsel also testified that the State had indicated that they would recommend probation if the Petitioner provided truthful

information to the Tennessee Bureau of Investigation (TBI) concerning ongoing criminal activity. However, trial counsel stated that the Petitioner always understood that alternative sentencing was not a guarantee under the terms of the plea agreement. Furthermore, the information provided by the Petitioner to the TBI proved to be untruthful. In summary, trial counsel stated that

> [The Petitioner] understood. I mean, once we – and I don't blame people that are in jail. I mean, their main consideration is to get out of jail. And once he thought that he had that avenue to get out of jail and might get on probation, I mean, that's mainly what he was interested in, is how to get to that point . . . .

> And I had told him, and I still think that this is correct, that had he given information that was going to be truthful and had the information that he provided – if it were helpful in that case, I still believe that [the assistant district attorney general] would have lobbied to have him placed on probation or even agreed to it. . . .

> But . . . none of it panned out.

The Petitioner chose not to testify at the evidentiary hearing.

The post-conviction court took the matter under advisement and issued a written order on September 1, 2009, denying the post-conviction petition. The post-conviction court found that the Petitioner failed to establish his allegations of ineffective assistance of counsel by clear and convincing evidence. The post-conviction court found that the guilty plea submission hearing showed that the Petitioner understood the terms of the plea agreement and was satisfied with counsel's representation. The post-conviction court found that the Petitioner was advised and understood that the manner of service of his sentences would be determined by the trial court at a separate hearing. In summary, the post-conviction court found that the "Petitioner made a rational decision to accept the plea offer."

On appeal, the Petitioner argues that his trial counsel did not follow "normal procedures," rendering him "unaware or otherwise did not understand the plea agreement." He also contends that he has a mental disability making him "not competent to understand the plea." The State argues that there is no evidence in the record to support the Petitioner's claim of ineffective assistance of counsel and that the trial court properly denied relief. Following our review, we agree with the State.

3

ANALYSIS

The burden in a post-conviction proceeding is on the petitioner to prove the factual allegation to support his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-372 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In the context of a guilty plea as in this case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

Trial counsel testified that the Petitioner was informed of the specific elements of the plea agreement and that he understood that alternative sentencing was not guaranteed but was to be determined by the trial court. The guilty plea acceptance form corroborates trial counsel's testimony that "further hearing on [the] service of sentence" was to be held. The guilty plea transcript shows that the Petitioner fully understood the nature and consequences of his guilty plea. There is no evidence in the record that the Petitioner was suffering from any mental deficiency rendering his plea involuntary. The Petitioner elected not to testify or present any proof in support of his allegations. Accordingly, we conclude that the evidence does not preponderate against the post-conviction court's findings.

4

CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE